### MORRIS COHEN, Inc. v. B & B DIAMOND CO.
#### No. 59-4379.

Civil Court of Record, Dade County.

October 15, 1959.

Snyder & Young, North Miami Beach, for plaintiff.

Faber & Mayers, Miami, for defendant.

HAL P. DEKLE, Judge.

This cause came on before me after due notice upon defendant's motion for summary judgment, and the court finding that there is no genuine issue as to any material fact herein, the motion is granted.

The pleadings, records, depositions and affidavits reflect that the plaintiff purchased certain office partitions from the defendant. These partitions were erected by the defendant on premises leased by the defendant from the Lamb Company.

The Lamb Company was sub-lessee of the premises under a master lease from the owner, Gamage. The lease from Gamage to the Lamb Company, as well as the sub-lease from the Lamb Company to the defendant, contained the usual clauses to the effect that any additions, alterations or improvements to the premises should become part of the realty and revert to the owner upon the expiration of the lease.

Plaintiff now seeks to recover the purchase price, relying upon want of title in the defendant—because of possible claims of the lessors, Gamage or the Lamb Company, under the lease clauses above mentioned. The legal theory seems to be that the defendant corporation breached its warranty in the bill of sale when it stated it was the "lawful owner" and had "good right to sell." There was no attempt to show that anyone had disturbed the possession of the plaintiff to the partitions—on the contrary it affirmatively appears in the record that neither the Lamb Company nor Gamage had asserted any claim thereto.

Since neither lessor claims the partitions as being fixtures, we are left with the legal question as to the right of a purchaser in undisturbed possession to question the title of the seller.

This court is persuaded by the majority view as stated in 46 Am. Jur., Sales, section 407 page 579—"The majority view, which is similar to that applied in the case of a warranty of title to real estate or covenant for quiet enjoyment, is that an express or implied warranty of the title to chattels is not deemed broken for the purpose of an action by the buyer so long as the real owner has not asserted his title, and the buyer consequently has not been disturbed in his possession . . ."

There being no factual issues presented, summary judgment is hereby entered for the defendant and this cause shall stand dismissed with prejudice at plaintiff's costs.